UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Evelyn Lossia,

      Plaintiff,

v.                                    Case No.: 11-12607
                                    Honorable Sean F. Cox

Detroit Board of Education, *et al.*,

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO QUASH
## AND REQUIRING PARTIES TO EXCHANGE DETAILED WITNESS LISTS

On June 15, 2011, Plaintiff filed this employment discrimination action against the

Detroit Board of Education, Detroit Public Schools, and a number of current and former Detroit

Public School ("DPS") officials and employees (together, "Defendants"). Plaintiff alleges

federal and state racial discrimination, racial harassment, disability discrimination, and

retaliation claims, as well as First Amendment, Fourteenth Amendment, and whistleblower

protection claims.

On November 28, 2011 the Court held a scheduling conference between counsel for both

parties. The Court emphasized that it would grant the parties as much time for discovery as

requested, but that it would hold the parties to the requested dates. On November 29, 2011, the

Court entered a Scheduling Order and set a discovery cut-off date of May 31, 2012. (D.E. No.

16). The Court also ordered that the parties submit a list of all witnesses to be called at trial by

April 30, 2012.

On April 24, 2012, Defendants filed their witness list. (D.E. No. 27). On April 30, 2012,

Plaintiff filed her witness list, which consisted of over 200 witnesses. (D.E. No. 28).

On June 1, 2012, the Court held a second scheduling conference at the request of the parties.  On June 4, 2012 the Court issued a 2nd Scheduling Order, which extended the discovery cut-off date to August 29, 2012.  (D.E. No. 30).

On July 30, 2012, Plaintiff filed a second witness list which included nine more witnesses than her original witness list.  (Witness List, D.E. No. 33).  Among the named witnesses are former Detroit Public Schools Emergency Financial Manager Robert Bobb ("Bobb") and current Detroit Public Schools Emergency Financial Manager Roy Roberts ("Roberts").

On August 6, 2012, Plaintiff served a subpoena on Roberts, requiring his appearance for a deposition on August 15, 2012 – just two weeks before the close of discovery.  To date, Plaintiff has not issued a deposition notice to Bobb.

On August 14, 2012, Defendants filed a motion to quash the subpoena issued to Roberts and/or for a protective order precluding Plaintiff from taking the depositions of Roberts or Bobb. (Def.'s Mtn., D. E. No. 35).  On August 16, 2012, the Court held status conference/hearing on Defendants' motion to quash.

"When a party seeks to depose high-level decision makers who are removed from the daily subjects at issue in the litigation, the party must first demonstrate that the proposed deponent has 'unique personal knowledge' of facts relevant to the dispute."  *Devlin v. Chemed Corp.*, 2005 WL 2313859 (E.D. Mich. 2005)(citing *Baine v. General Motors Corp.*, 141 F.R.D. 332, 334 (M.D. Ala. 1991); *Thomas v. International Business Machines*, 48 F.3d 478, 483-84 (10th Cir. 1995)).  "In the absence of a showing of unique personal knowledge, the circuit courts, including the Sixth Circuit, have upheld the entry of a protective order precluding the

depositions of high level company executives." *Devlin, supra*, at *2; *see also Bush v. Dictaphone Corp*., 161 F.3d 363, 367 (6th Cir. 1998)(upholding denial of plaintiff's request to depose high-ranking officer where there was no showing that individual was involved in the termination at issue);  *Lewelling v. Farmers Ins. of Columbus, Inc*., 879 F.2d 212, 218 (6th Cir. 1989)(upholding district court's exercise of discretion in granting protective order barring plaintiffs from deposing their employer's chief executive officer, who lacked personal knowledge of relevant facts).

At the August 16, 2012 conference/hearing, Plaintiff did not establish that Bobb and Roberts have unique personal knowledge of the relevant facts surrounding this case.  Plaintiff's counsel did not show that Bobb and Roberts made any substantive contact with Plaintiff relating to the circumstances that led to this action.  Plaintiff has therefore not established that Bobb and Roberts can provide relevant testimony that cannot be elicited from less-senior DPS personnel.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Quash Subpoena And/Or For Protective Order (D.E. No. 35) is **GRANTED**.

If Plaintiff still seeks to depose Bobb and Roberts, she may file a motion for leave from the Court to serve deposition notices upon Bobb and Roberts.  In her motion, Plaintiff must establish that Bobb and Roberts have unique personal knowledge of facts relevant to Plaintiff's claims and must describe the relevant testimony that Bobb and Roberts can offer to support Plaintiff's claims.

Further, Defendants indicated to the Court that because of the excessive number of witnesses on Plaintiff's witness list, Defendants are unsure which witnesses Plaintiff is likely call at trial, and therefore, Defendants cannot determine which witnesses to depose.  With less than

3

two weeks remaining before the close of discovery, Defendants have not taken the deposition of any witnesses.  Plaintiff has taken the deposition of only one witness.

Accordingly, **IT IS FURTHER ORDERED** that each party must indicate which witnesses it intends to call at trial **no later than September 17, 2012.**  The party must indicate the witness' name, address, and contact information, as well as a brief description of the witness' expected testimony.

**IT IS SO ORDERED**.

S/Sean F. Cox_____
Sean F. Cox
United States District Court

Dated:  August 20, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 20, 2012, by electronic and/or ordinary mail.

S/Jennifer Hernandez_____
Case Manager

4