UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Evelyn Lossia,

    Plaintiff,

v.                                                  Case No.: 11-12607
                                                  Honorable Sean F. Cox

Detroit Board of Education, *et al.*,

    Defendants.
_____/

## ORDER
## STRIKING UNAUTHORIZED FILING BY MR. FETT, GRANTING MS. LINDERMAN'S REQUEST TO WITHDRAW AS PLAINTIFF'S COUNSEL, AND EXTENDING THE DATE FOR THE FILING OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Evelyn Lossia ("Plaintiff"), acting through retained counsel, filed this action against the Detroit Public Schools, the Detroit Board of Education, and numerous individual Defendants (collectively, "Defendants") on June 15, 2011. Plaintiff's complaint asserts numerous claims, including Title VII and Elliott Larsen race discrimination and retaliation claims, claims under the Americans with Disabilities Act and Michigan's version of that statute, and various § 1983 claims. Since the inception of this case, Plaintiff has been represented by attorney Marla Linderman.

The parties submitted a joint discovery plan on November 23, 2011. (Docket Entry No. 15). This Court held a Status Conference in this matter on November 28, 2011. As is this Court's practice, the Court advised counsel that it would provide them with the amount of time they requested for discovery but cautioned counsel that the Court would hold them to that schedule and would only grant an extension for compelling reasons. The Scheduling Order in

1

this case was issued on November 29, 2011, and, as requested by the parties, it provided for discovery to close on May 31, 2012.

Plaintiff filed an Amended Complaint, adding additional Defendants, on March 9, 2012. Thereafter, the Court held another Conference with the parties to discuss the Scheduling Order. This Court again asked Counsel to state how much additional time they needed for discovery, cautioning them that they would be held to the new discovery deadline. On June 4, 2012, this Court issued a 2nd Scheduling Order which provides, as requested by the parties, that discovery is to close on August 29, 2012 and that motions must be filed by October 1, 2012. (Docket Entry No. 30).

Thereafter, the Court held a Status Conference on August 16, 2012, to discuss the taking of Plaintiff's deposition. (*See* 8/16/12 Tr.). As stated on the record on that date, Plaintiff's deposition was originally noticed in May but she indicated she could not appear at that time. Plaintiff's deposition was re-noticed for August 15, 2012, but prior to the deposition Plaintiff asserted she could not appear for deposition because she had to have surgery. Plaintiff did not provide any documentation, to Defense Counsel or the Court, to support that assertion. Plaintiff's deposition was then re-noticed for the agreed upon date of September 6, 2012.

On September 5, 2012 – after the close of discovery and the day prior to the new date that the parties had agreed to for Plaintiff's deposition – Linderman filed a motion seeking to withdraw from the case, asserting that there has been a breakdown in the attorney-client relationship.

Plaintiff's Counsel and Defense Counsel both appeared for Plaintiff's deposition, as scheduled, on September 6, 2012. Plaintiff did not appear for the deposition and later claimed

that she could not appear because she was ill. Plaintiff did not provide any medical documentation, to Plaintiff's Counsel, Defense Counsel, or this Court, to support her assertion that she could not attend her deposition on September 6, 2012 due to illness.

On September 6, 2012, Defendants filed an Emergency Motion to Compel Plaintiff's Deposition. (D.E. No. 39). That motion stated that although Ms. Linderman appeared for Plaintiff's deposition on September 6, 2012, Plaintiff did not appear and later claimed that she was ill. Defendants' motion asked the Court to order Plaintiff to appear for her deposition at a date and time certain and extend the dispositive motion deadline for 30 days after Plaintiff's deposition.

This Court held a hearing on the Emergency Motion to Compel Plaintiff's Deposition and Ms. Linderman's Motion to Withdraw on September 21, 2012. Ms. Linderman and Defense Counsel appeared for the hearing. Although she had actual knowledge of the hearing and had advised the Court's Docket Manager that she intended to appear, Plaintiff Lossia did not appear for the hearing.

Following that hearing, this Court issued an Order granting in part Defendant's Motion to Compel and denying without prejudice Ms. Linderman's Motion to Withdraw. (Docket Entry No. 45). This Court ordered Plaintiff to appear for her deposition on September 28, 2012. In denying without prejudice Ms. Linderman's Motion to Withdraw, this Court explained:

> Having considered Linderman's Motion to Withdraw, the Court concludes that to allow her to withdraw at this late date would unfairly prejudice Defendants and would unnecessarily delay the resolution of this action. With the exception of the taking of Plaintiff's deposition, discovery in this matter has closed and the Court will not be reopening discovery. The only pretrial activities that remain are: 1) Plaintiff's deposition, which will be taken on September 28, 2012; and 2) a potential dispositive motion, to be filed by Defendants no later than October 5,

>   2012. The Court hereby ORDERS that Linderman's Motion to Withdraw is DENIED WITHOUT PREJUDICE. The Court further ORDERS that: 1) Linderman shall represent Plaintiff at her deposition on September 28, 2012; and 2) shall represent Plaintiff with respect to any dispositive motion filed by Defendants on or before October 12, 2012. Linderman may renew her motion following the resolution of such motion.

(Docket Entry No. 45 at 4-5).

On October 1, 2012 – more than a month after discovery in this action closed – attorney James Fett purported to file a motion on behalf of Plaintiff seeking to dismiss all of Plaintiff's claims without prejudice. (Docket Entry No. 48). The caption of that motion identifies Mr. Fett as "Attorney for Plaintiff *for this Motion*." (*Id*. at 1) (emphasis added).

Local Rule 83.25 of the Local Rules of the United States District Court for the Eastern District of Michigan governs attorney appearances and provides that an "attorney appears and becomes an attorney of record by filing a pleading or other paper or a notice of appearance." L.R. 83.25(a). The rule further provides that an attorney's appearance continues until a final order or judgment disposing of all claims by or against the party the attorney represents" or until a withdrawal or substitution is ordered by the Court. L.R. 83.25 (b). Notably, the rule does not authorize[1] an attorney to make a "limited" appearance on behalf of a party or represent a party for purposes of single motion, issue, or claim.

This Court held a Status Conference in this matter on October 17, 2012, to determine if Mr. Fett is representing Plaintiff in this action. The Court advised Mr. Fett that it was not aware of any authority that would allow an attorney to make a limited appearance in a case and Mr.

---

[1] Mr. Fett did not file a motion seeking leave to make a "limited appearance" for Plaintiff in this action and, even if this Court were authorized to grant leave to make a limited appearance, this Court would not do so in this case, especially at this stage of the litigation.

Fett could not direct the Court to any such authority.  Thereafter, Mr. Fett affirmatively stated on the record that he does not represent Plaintiff in this action.

Accordingly, **IT IS ORDERED that Docket Entry No. 48, purportedly filed on behalf of Plaintiff by Mr. Fett, is STRICKEN and shall be removed from the docket.**

On October 12, 2012, Defendants filed a Motion for Summary Judgment, as authorized by this Court's September 12, 2012 Order.  Although this Court's September 12, 2012 Order stated that Ms. Linderman shall represent Plaintiff with respect to any dispositive motion filed by Defendant, submissions by both Ms. Linderman and Plaintiff[2] after September 12, 2012, clearly reflect that the attorney-client relationship between Plaintiff and Ms. Linderman has continued to deteriorate.  The Court concludes that the relationship has now deteriorated to the extent that Ms. Linderman can no longer represent Plaintiff.  **The Court hereby ORDERS that Ms. Linderman's request to withdraw from representing Plaintiff in this matter is GRANTED and that Ms. Linderman no longer represents Plaintiff in this action.  IT IS FURTHER ORDERED that, upon receipt of this Order, Ms. Linderman shall send a copy of this Order to Plaintiff by regular and certified mail and file a certificate of service on the docket reflecting that she has done so.**

Plaintiff has several options as to how she may proceed in this case.  Plaintiff may: 1) proceed in this action on a *pro se* basis; 2) Plaintiff may retain Mr. Fett, who is apparently already familiar with her case, to represent her in this matter; or 3) Plaintiff may hire another attorney to represent her in this matter.

---

[2]Some of Linderman's submissions ask the Court to allow Linderman to file communications and other documents that are protected by the attorney-client privilege and Plaintiff states that she does not trust Linderman.  (Docket Entry No. 50-2).

Under the Local Rules, Plaintiff's response brief opposing Defendants' Motion for Summary Judgment is due on November 2, 2012. In order to allow Plaintiff sufficient time to file a response or hire another attorney to do so, the Court shall provide Plaintiff a sixty (60) day extension for filing her response brief. The Court **ORDERS that any response in opposition to Defendants' pending Motion for Summary Judgment shall be filed no later than January 2, 2013.**

**IT IS FURTHER ORDERED that, upon receipt of this Order, Plaintiff shall file a submission with the Court providing her current mailing address and telephone number.**

**IT IS SO ORDERED.**

          S/Sean F. Cox  
          Sean F. Cox  
          United States District Judge

Dated: November 2, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 2, 2012, by electronic and/or ordinary mail.

          S/Jennifer McCoy  
          Case Manager